UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVINE REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER PERMANENTE,<br><br>    Defendant. | No. 2:18-cv-622-TLN-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Defendant Kaiser Foundation Hospitals ("KFH") moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), arguing that plaintiff's claims are barred by the doctrine of *res judicata* and untimely under the applicable statute of limitations. ECF No. 17.[1] For the reasons explained below, defendant's motion must be granted.[2]

I.   Background

Although the complaint is devoid of factual allegations, documents attached to the complaint indicate that this action arises out the termination of plaintiff's employment with KFH in October 2013. Among the attachments is a Charge of Discrimination that plaintiff filed with

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] The court has determined that oral argument would not materially assist in the resolution of the pending motions and the matter is resolved on the briefs. *See* E.D. Cal. L.R. 230(g).

the Equal Employment Opportunity Commissioner ("EEOC") in December 2017, which asserts that plaintiff began working for KFH in 1988. ECF No. 1 at 8.[3] That charge alleges that in June 2012, plaintiff attended a wedding with a female coworker, who was a secretary dating other KFH employees. *Id*. A male coworker who also attended the wedding began subsequently telling other KFH employees that plaintiff and the female coworker were involved in a sexual relationship. *Id*. Thereafter, plaintiff complained to the human resources department about the gossip being spread by the male coworker. *Id*. The charge claims that as a result of plaintiff's complaint, the female coworker's secret relationships with other employees were exposed. *Id*. Apparently unhappy with such exposure, the female coworker filed a sexual harassment suit against plaintiff, which ultimately led to the termination of his employment on October 1, 2013. *Id*. Plaintiff claims that he was subjected to discrimination on account of his gender, national origin, and in retaliation for engaging in protected activity in violation of Title VII. *Id*. Plaintiff's EEOC charge also specifically states that the last date on which the alleged discrimination took place was October 1, 2013. *Id*.

In addition to his Title VII allegations attached to the complaint, plaintiff's complaint alleges state law claims for (1) wrongful termination in violation of public policy and (2) unspecified "discrimination," (3) gender discrimination, (4) disability discrimination, and (5) failure to accommodate in violation of California Government Code section 12940. *Id*. at 3.

## II. Legal Standards

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "For purposes of a motion under Rule 12(c), the allegations of the non-moving party must be accepted as true, and the allegations of the moving party that have been denied are presumed false." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). A "judgment on the pleadings is appropriate when, even if all allegations in the compliant are true, the moving party is entitled to judgment as a matter of law." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

---

[3] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

This standard is "functionally identical" to the one applied in evaluating motions to dismiss pursuant to Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

III. Discussion

As noted, KFH argues that plaintiff's claims are barred by the doctrine of *res judicata*. ECF No. 18 at 9-13. Federal courts "are required to give state court judgments the preclusive

effect they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984)). In California, *res judicata*, or claim preclusion, bars a second lawsuit between the same parties on the same cause of action. *People v. Barragan*, 32 Cal.4th 236, 252 (2004). Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually litigated and determined in the first action. *Id.* at 252-53. The elements for applying either claim preclusion or issue preclusion to a second action are the same: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id.* at 253 (internal quotations omitted).

On May 21, 2013, plaintiff filed an action against KFH in the California Superior Court for the County of Sacramento. Def.'s Req. Judicial Not. ("RJN"), ECF No. 19, Ex. 1.[4] In the state action, plaintiff's first amended complaint alleged as follows:

Plaintiff and a coworker, Cha Xiong, had a two-year romantic relationship that was kept private from other KFH employees. *Id.* ¶ 9. In June 2012, Ms. Xiong asked plaintiff to accompany her to a friend's wedding. *Id.* ¶ 10. At the wedding plaintiff saw another KFH employee, Ed Correa, who asked what plaintiff was doing at the wedding. *Id.* Plaintiff explained that he was Ms. Xiong's date and requested that Mr. Correa keep plaintiff and Ms. Xiong's relationship private. *Id.* Rather than honoring plaintiff's request, Mr. Correa allegedly tried to embarrass plaintiff by making sexual comments to other coworkers about plaintiff and Ms. Xiong's relationship. *Id.* ¶ 11. In response, plaintiff complained to Mr. Correa's supervisor, which resulted in Mr. Correa being suspended for four days. *Id.* Plaintiff's complaint against Mr. Correa also caused Ms. Xiong to become angry with plaintiff because the incident exposed the fact that she had been dating multiple KFH employees at the same time. *Id.* ¶ 13. Ms. Xiong

/////

---

[4] Defendant's Request for Judicial Notice of state court records and documents from the EEOC and California Department of Fair Employment and Housing is granted. ECF No. 19; *see Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160–61 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records [and] pleadings . . . .").

allegedly retaliated against plaintiff's action by telling human resources that she was not in a relationship with plaintiff and that he was harassing her. *Id*. ¶ 14.

The state court complaint also alleged that in 2012, plaintiff allegedly injured his eye and knee at work during separate incidents. *Id*. ¶ 17. He claimed that these injuries and the complaint he made to Mr. Correa's supervisor were motivating factors for terminating his employment. *Id*. ¶¶19-20. He also claimed that a complaint he made against KFH with the California Medical Board for the negligent removal of his gallbladder in January 2009 was also a motivating reason for his termination. *Id*. ¶ 21.

Based on these allegations, the operative state court complaint alleged claims for (1) wrongful termination in violation of public policy; (2) unspecified "discrimination, (3) gender discrimination, (4) disability discrimination, and (5) failure to accommodate in violation of California Government Code section 12940; and (6) failure to engage in interactive process in violation of California Government Code section 12940 (h). *Id*. at 37-51.

As noted above, in the instant action plaintiff also asserts claims for wrongful termination in violation of public policy and unspecified "discrimination," gender discrimination, disability discrimination, and failure to accommodate in violation of California Government Code section 12940, which are all predicted on the same factual basis as the state court action. *See* ECF No. 1 at 3, 8 and RJN Ex. 2 (ECF No. 19 at 37-51). Although plaintiff also purports to asserts claims under Title VII, which were not alleged in the state court action, "the doctrine of *res judicata* applies not only to those claims actually litigated in the first action but also to those which might have been litigated as part of that cause of action." *Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986); *see Monterey Plaza Hotel Ltd. P'ship v. Local 483 of the Hotel Employees & rest. Employees Union*, *AFL-CIO*, 215 F.3d 923, 928 (9th Cir. 2000) ("While [plaintiff] may have added new acts to its federal complaint, the new allegations are insufficient to establish an independent or different primary right than that which the state courts have already addressed."); *Fed. Home Loan Bank v. Countrywide Fin. Corp.*, 214 Cal. App. 1520, 1529 (2013) ("[T]he rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable.")

Moreover, the state court action was brought against KFH, the same defendant named in the instant case.[5] As the injury involved and defendant's alleged wrongful conduct are the same, the same primary right is implicated. Accordingly, under California's primary rights theory, plaintiff's state and federal "causes of action" are the same. *See Harper v. City of Monterey*, 2012 WL 195040, at *5 (N.D. Cal. Jan. 23, 2012).

Lastly, in the state court action the court granted plaintiff's request for voluntarily dismissal of the case with prejudice on February 6, 2014. RJN Ex. C (ECF No. 19 at 60). For purposes of *res judicata*, a voluntary dismissal with prejudice is considered a final judgment on the merits. *See Intermedic, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1262 (N.D. Cal. 1991) (citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438-39 (9th Cir. 1985)); *see also Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) ("By obtaining [a voluntary dismissal with prejudice], the plaintiff submits to a judgment that serves to bar his claims forever."); *Fed. Home Loan Bank*, 214 Cal. App. 4th at 1232 (finding that voluntary dismissal with prejudice constituted "determination on the merits invoking the principles of res judicata barring relitigation of those issues as affirmative defenses in" subsequent case). Accordingly, plaintiff's claims challenging the termination of his employment are barred by *res judicata*.[6]

In opposition to defendant's motion, plaintiff does not challenge defendant's argument that his claims are barred by *res judicata*. Instead, he submits letters he has received from various state and federal legislatures in response to complaints he has made against KFH. ECF No. 22. These letters are inapposite to the issues presented in defendant's motion.

Additionally, plaintiff submits medical records in support of his contention that physicians employed by KFH wrongfully removed his gallbladder. ECF Nos. 23, 24. But plaintiff's complaint does not appear to allege a medical malpractice or other tort claim based on the

---

[5] The instant action identifies the defendant Kaiser Permanente, rather than Kaiser Foundation Hospitals. ECF No. 1 at 2. In his EEOC charge he identifies the defendant only as Kaiser. *Id.* at 8. It is clear, however, that plaintiff brings the instant action against his former employer, Kaiser Foundation Hospitals, and not a separate entity. *See, e.g.,* ECF No. 1 at 32, 36, 39-47.

[6] In light of this finding, the court declines to address defendant's alternative argument.

6

removal of his gallbladder. To the extent plaintiff seeks leave to amend his complaint to allege such a claim, granting leave would be futile. Such a claim is untimely.

Plaintiff's documents indicate that his gallbladder was removed in 2009, approximately nine years before he initiated this action. Under California law, claims for medical malpractice must be brought within the earlier of (1) three years of the date of the injury or (2) within one year after the plaintiff discovers the injury. Cal. Civ. Proc. Code § 340.5. In his state action, which was filed in May 2013, plaintiff specifically alleged that he reported to the California Medical Board that KFH negligently removed his gallbladder in 2009. Thus, any medical malpractice claim relating to removal of plaintiff's gallbladder expired well before plaintiff filed this action in 2018. Accordingly, there is no basis for granting plaintiff leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

IV. Conclusion

Accordingly, it is hereby ORDERED that the hearing on this matter scheduled for October 3, 2018, at 10:00 a.m. is vacated.

Further, it is RECOMMENDED that:

1. Defendant's motion for judgment on the pleadings (ECF No. 17) be granted;

2. Plaintiff's complaint be dismissed without leave to amend; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

7

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE